UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID A. DERBABIAN,

    Plaintiff,

v.                                CASE NO. 3:07-cv-1134-J-34HTS

SALLIE MAE, INC., etc.,

    Defendant.
_____

**O R D E R**

This cause is before the Court on the following:

1. Plaintiff, David Derbabian's Motion to Compel Inadequate Responses to Plaintiff's First Request for Production and Plaintiff's First Interrogatories; and Defendant's Failure to Respond to Plaintiff's Second Request for Production (Doc. #21; Motion). The Motion is opposed. *See* Memorandum in Opposition to Plaintiff's Motion to Compel Inadequate Responses to Plaintiff's First Request for Production and Plaintiff's First Interrogatories; and Defendant's Failure to Respond to Plaintiff's Second Request for Production (Doc. #28; Opposition).

The discovery at issue consists of requests for production and interrogatories both reportedly served on July 1, 2008, *see* Motion

at 1, 5, 8, and requests for production served on September 22, 2008. *See id.* at 1, 4. According to Plaintiff, nothing was received in regard to the second set of production requests, *see id.* at 5, and responses to the first set of requests and the interrogatories were not forthcoming until September 12, 2008. *See id.* at 5, 8. Although stating that Plaintiff has finally now "received Answers to the Second Request for Production[,]" Opposition at 3, Defendant offers no information to justify or explain the apparent untimeliness of its responses.

"[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Reliance Ins. Co. v. Core Carriers, Inc.*, No. 3:06-cv-585-J-20MCR, 2008 WL 2414041, at *2 (M.D. Fla. June 11, 2008); *see also Varrecchio v. Horizon South Homeowners Ass'n, Inc.*, No. 5:08CV83-RS/AK, 2008 WL 4683863, at *1 (N.D. Fla. Oct. 20, 2008) (internal quotation marks omitted); *cf.* Middle District Discovery (2001) at 11 ("Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel."), 15 (same as to interrogatories), 20 ("Upon receipt of objectionable discovery, a party has a duty to seek relief immediately[.]"). Accordingly, the Motion (Doc. #21) is **GRANTED**

and Defendant shall, within ten (10) days from the date of this Order, ensure that it fully responds to the discovery at issue. The interrogatories must be answered in good faith and to the best of Defendant's knowledge and ability, whereas materials specified in the production requests are to be furnished to the extent they are within its possession, custody, or control.

    2. The Motion to Compel Depositions and Motion for Sanctions (Doc. #24; Deposition and Sanctions Motion). Defendant opposes the Deposition and Sanctions Motion. *See* Response to Plaintiff's Motion to Compel Depositions and Motion for Sanctions (Doc. #25; Response).

    Mr. Derbabian contends Defendant "should be required to provide dates for depositions, adequate information so that the witnesses may either be subpoenaed or produced, and sanctioned as deemed appropriate[.]" Deposition and Sanctions Motion at 3. Defendant maintains the "requests for depositions have been satisfied[.]" Response at 2 (emphasis and capitalization omitted). However, it seems this position is based on "Defendant [having] agreed to produce a representative of Sallie Mae with the most knowledge regarding the credit reporting issues in this matter." *Id.* at 3. In relation to "employees who were involved in the handling of the case," *id.* at 4; *cf.* Deposition and Sanctions Motion at 1-2, it is claimed any information they might have "is

simply irrelevant and will not lead to admissible evidence[.]" Response at 4.

Given that the present motion intertwines with an interrogatory for which a full response is being compelled through part 1 herein, Defendant is instructed to revisit the need for supplying further information. Specifically, it should err on the side of inclusiveness when listing individuals who have personal knowledge of the issues raised in this litigation, taking care to provide both their names and addresses, and identifying the subject matter known to them. In addition, Defendant shall cooperate with Plaintiff's counsel in promptly scheduling depositions.

The Deposition and Sanctions Motion (Doc. #24) is **GRANTED** to the extent reflected by the above discussion. Otherwise, it is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of January, 2009.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record and
    pro se parties, if any